

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
PROBATION OFFICE

# MEMORANDUM

November 5, 2007

**TO:** U.S. DISTRICT JUDGE

**FROM:** DAPHNE P. WILLCOX
U. S. PROBATION OFFICER

**RE:** JASON ANTOINE ABRAM
DKT.#: 4:00cr54-RH-03

2:07CM1387-MEF

2007 NOV -5  P 2:40  RECEIVED

---

**COURT HISTORY:** After pleading guilty to conspiracy to possess with intent to distribute more than 50 grams of cocaine base, and a detectible amount of cocaine, the above-referenced individual was sentenced in the Northern District of Florida (ND/FL), to 87 months custody followed by a ten year supervised release term.

**SUPERVISION HISTORY:** The offender's supervised release term began on June 8, 2007. He was released from prison to the Middle District of Alabama. He married Tikecia Evans on the day of his release and moved into her already established residence.

Jason Abram was working for A.S.K. Telecommunications when he was initially released from custody. His hours varied from full-time to sometimes not working at all. In September 2007, he was able to find a more reliable source of income, working for South East Pallets in Montgomery.

The offender has tested positive for cocaine on five occasions since his release from custody. His first positive drug screen was on June 8, 2007. He claimed he used cocaine prior to his release while on a furlough to attend his father's funeral on June 2, 2007. He completed the 500 hour intensive residential drug treatment program while incarcerated and claimed he needed no further treatment. Abram was place in Phase I of the color code program and informed of the potential consequences of his continued drug use. He again tested positive for cocaine on August 20, 2007. He claimed he was not in need of drug treatment and that he used due to financial problems at home. He was informed he would remain in Phase I of drug testing due to the positive drug screen. A report was filed with the court in the ND/FL.

On August 30, 2007, Abram tested positive for cocaine and requested a referral to a treatment program. He blamed this noncompliance on marital issues related to financial problems. He was referred for an assessment at the Chemical Addictions Program in Montgomery.

Abram tested positive for cocaine on September 25, 2007, and said he had given up due to the financial situation he was in. He also indicated that he was still waiting to be contacted for an assessment at C.A.P. and he implied that he might not have used if he had been able to begin the program. Abram was asked to sign a waiver of hearing agreeing to serve five weekends in jail as

a result of the new positive drug screen. A request for modification was submitted to the court. U.S. Probation Officer Scott MacKinley from the ND/FL, contacted this writer and indicated that a request for jurisdiction could be expedited if this writer wanted to address the new noncompliant issue with the court in the Middle District of Alabama. It was agreed that a transfer of jurisdiction would be in the best interest of all involved as future issues could be addressed more rapidly if jurisdiction were local. In addition, it would also be more cost effective for the government in the case of a future court appearance. Based on this agreement, the probation officer will initiate the request for modification in the MD/AL if the court agrees to accept jurisdiction.

On October 18, 2007, Jason Abram once again tested positive for cocaine. He said he was still waiting to begin the day treatment intensive outpatient program at C.A.P. He was told to attend Narcotics Anonymous meetings daily until beginning the program and that he was expected to exert some self control and refrain from using cocaine in the future. Abram was provided a listing of NA meetings in the Montgomery area. A report was filed with the court in the ND/FL, as the request for jurisdiction remains pending.

**RECOMMENDATION:** Jason Abram has lived in the Middle District of Alabama, since the age of 4 and he intends to remain in the district for his entire supervision term. Although he has repeatedly violated the terms and conditions of his supervised release, this writer would like to exhaust all available treatment options before requesting revocation. The probation officer will also be requesting a modification to require the offender to serve weekends in jail. Therefore, it is respectfully requested that jurisdiction of his case be transferred to this district. If the Court concurs with this request, please sign Part 2 of the attached Probation Forms 22, and return to the probation office.

Respectfully submitted,

Daphne P. Willcox
United States Probation Officer

DPW

| PROB 22 (Rev. 2/88) | | DOCKET NUMBER *(Tran. Court)* 4:00CR54-03 |
|---|---|---|
| | **TRANSFER OF JURISDICTION** | DOCKET NUMBER *(Rec. Court)* |

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE: Jason Antoine Abram  Montgomery, Alabama | DISTRICT Florida Northern | DIVISION Tallahassee |
|---|---|---|
| | NAME OF SENTENCING JUDGE  The Honorable Robert L. Hinkle  Chief United States District Judge | |
| | DATES OF PROBATION/SUPERVISED RELEASE: | FROM June 8, 2007 — TO June 7, 2017 |

**OFFENSE**

Conspiracy to Possess with Intent to Distribute More Than 50 Grams of Cocaine Base, and a Detectable Amount of Cocaine

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA

IT IS HEREBY ORDERED that pursuant to 18 U.S.C. 3605 the jurisdiction of the probationer or supervised releasee named above be transferred with the records of the Court to the United States District Court for the MIDDLE DISTRICT OF ALABAMA upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this Court.*

10/25/07  
Date

/s/ Robert L. Hinkle  
United States District Judge

*This sentence may be deleted in the discretion of the transferring Court.

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA

IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

Effective Date United States District Judge